# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| UNITED STATES OF AMERICA | CR No.: 2:22-cr-00939-DCN |
|---|---|
| VS. | SENTENCING MEMORANDUM OF DARRELL TROY CAPERS |
| DARRELL TROY CAPERS | |

    Darrell Troy Capers, through counsel, files the following Sentencing Memorandum in support of a downward variance from the statutory minimum period of incarceration as to Count One that shall reflect the nature and circumstances of the offense, his history and characteristics, and is "sufficient, but not greater than necessary" to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

    Mr. Capers appears before the Court for sentencing on one count of Possession with Intent to Distribute Cocaine and Cocaine Base, 21 U.S.C. § 841(a)(1), (b)(1)(B), 841(b)(1)(C), and (b)(1)(D) and one count of Use and Carry of Firearm in Furtherance of a Drug Trafficking Crime 18, U.S.C. § 924(c)(1)(a)(i). Mr. Capers has admitted his involvement in the above-referenced offenses and has expressed sincere remorse for his behavior. Furthermore, per the PSR, Mr. Capers has received credit for acceptance of responsibility. (PSR, p. 16).

    Mr. Capers believes that the statutory minimum period of incarceration is inappropriately severe and unduly harsh considering the other mitigating facts presented in his case. Furthermore, a minimum sentence of incarceration of 120 months to Life is greater than necessary to achieve the goals of sentencing as set forth in 18 U.S.C. § 3553(a), and Mr. Capers respectfully requests the Court to vary downward and impose a reduced sentence based on the factors set forth in this memorandum.

## Sentencing Standard

The procedure that must be followed was set forth by the Supreme Court in *Gall* and Rita:

> As we explained in *Rita,* a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. . . . As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable…. He must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one. After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.

Gall, 552 U.S. at 49-50, citing Rita, 551 U.S. at 357-8. See also Booker.

Following Booker, and by extension Gall and Rita, the Fourth Circuit has held that a district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). Next, the court must "determine whether a sentence within that range ... serves the factors set forth in § 3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors." United States v. Moreland, 437 F.3d 424 (4th Cir. 2006) and United States v. Green, 436 F.3d 449, 455, (4th Cir. 2006). In making this determination, the court should first look to whether a departure is appropriate based on the Guidelines or relevant case law, and, if an appropriate basis for departure exists, the district court may depart. Id.; United States v. Rybicki, 96 F.3d 754 (4th Cir. 1996). If the resulting departure range still does not serve the factors set forth in § 3553(a), the court may then elect to impose a non-Guidelines

2

sentence (a "variance sentence"), but should explain its reasons pursuant to 18 U.S.C. § 3553(c)(2). Hughes, supra. The sentence must be "within the statutorily prescribed range and ... **reasonable**." Id. at 546-47 (emphasis added). As at least one court has noted in this post-*Booker* era, "courts are free to disagree, in individual cases and in the exercise of discretion, with the actual range proposed by the guidelines, so long as the ultimate sentence is reasonable and carefully supported by reasons tied to the § 3553(a) factors." United States v. Ranum, 353 F.Supp.2d 984 (E.D. Wis. 2005). A district court may **not** apply a "presumption of reasonableness" to a within-Guidelines sentence. Nelson v. United States, 555 U.S. 350, 351-2 (2009)("[T]he Guidelines are not only not mandatory; they are also not to be presumed reasonable."); United States v. Mendoza-Mendoza, 597 F.3d 212, 214 (4th Cir. 2010); United States v. Herder, 594 F.3d 352, 362-3 (4th Cir. 2010); United States v. Raby, 575 F.3d 376, 381 (4th Cir. 2009); and United States v. Smith, 566 F.3d 410, 414 (4th Cir. 2009).

### *A Booker Variance is Warranted*

A variance to reduce Mr. Capers's statutory minimum sentence and a downward departure from his guideline range is substantially supported by the facts in this case. This Court has sufficient grounds to justify a sentence well below the Guideline range under Booker, Gall, Rita, and 18 U.S.C. § 3553.

> The factors set forth in Title 18, United States Code, Section 3553, are as follows:
>
> (a) Factors to be considered in imposing a sentence — The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and
   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
  (3) the kinds of sentences available;
  (4) the kinds of sentence and the sentencing range established for -
   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines -
   (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
   (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
   (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
  (5) any pertinent policy statement -
   (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
   (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
  (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
  (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553.

## Application of the Statutory Sentencing Factors
## To the Facts of this Case

In the present case, the following factors must be considered when determining what type of sentence and what duration of the sentence is sufficient, but not greater than necessary, to satisfy the purpose of sentencing:

**1. The Nature and Circumstances of the Offense and the History and Characteristics of**

**the Offender.**

Nature and Circumstances of the Offense: As the presentence report states, Mr. Capers timely pleaded guilty to counts 1 and 2 of the indictment, taking full responsibility for his actions on August 14, 2023.

Pursuant to a search warrant executed on March 18, 2022, law enforcement located various amounts of illegal drugs and weapons inside the part-time residence of Mr. Capers. As reflected in the incident report, he shared the home with several other family members, all of whom had custody and control over the contents inside their shared home. While the other four (4) occupants of the shared home were present during the search, Mr. Capers was not. Nonetheless, as reflected in the PSR, Mr. Capers took responsibility for the "drugs found in the house" immediately upon being arrested by law enforcement. More specifically, as referenced in the change of plea hearing on August 14, 2023, he admitted to knowingly possessing the contents of the blue bookbag located in the sunroom, to include the 98 grams of fentanyl providing the basis for count 1.

To be clear, as reflected in his filed objections, he agrees that his base offense level of 21 and criminal history category of 1 remains appropriate and accurately reflects a guideline range of 37 to 46 months. Finally, he accepts responsibility for Count 2, and understands that a sentence of 5 years to life must be run consecutive to his sentence imposed on Count 1. His acceptance of responsibility spared the government and the Court the burden of a prolonged investigation and trial, which allowed resources to be devoted to other matters.

Mr. Capers understands his illegal acts in the instant case and deeply regrets his decisions, as well as the burden this has placed on his family, the government, and this Court.

History and Characteristics of Mr. Capers: Mr. Capers was born in Charleston, South Carolina to the union of Olivia Richard and Darrell Capers, Sr., who raised him, along with three

(3) siblings. He grew up in a loving home, and still enjoys an extremely close relationship with his immediate family. At the age of fourteen (14), Mr. Capers began using marijuana, and by sixteen (16), had experimented with ecstasy. Through his date of arrest on the instance offense, he continued to sporadically use illegal drugs and alcohol into his adulthood. After graduating high school in 2009, Mr. Capers served in the United States Navy from 2011 to 2015, where he was deployed to Syria and stationed in Maryland, Louisiana, Florida, and Virginia. At the time of his discharge for testing positive for illegal substances, his rank was E3. His job duties in the Navy included boat maintenance and security. From 2016 to 2017, Mr. Capers worked as a forklift driver at ABM in Hampton, Virgina, earning $12.50 an hour, until being laid off. Unfortunately, he has been unable to gain steady employment upon his return to Charleston, South Carolina, resulting in his decision to provide for him and his children by selling drugs. He enjoys a great relationship with the mother of his children, ages eleven (11) and five (5), both of whom reside with his maternal grandmother in Green Cove Springs, Florida. Prior to his incarceration, he traveled to see them as often as possible, and despite being unable to physically visit them since his incarceration, maintains communication when possible. Mr. Capers readily admits that both his children are at a critical development stage, where a father's love, guidance, and protection are essential to their development. He understands the consequences his actions will have on his children and knows that a lengthy period of incarceration will cause the children irreparable harm. Courts have recognized the need for maintaining an intact family, and Mr. Capers respectfully requests that this Court consider his circumstances and the emotional and psychological needs of his children in rejecting a lengthy sentence of incarceration.

Mr. Capers deeply regrets his selfish actions that have caused pain to his family and subjected himself to punishment. He hopes the Court will recognize that he has the full support of his family and friends, which is an integral part to his rehabilitation, and the confirmation that

6

he will not repeat the same behavior. As demonstrated by his words and actions since his arrest, described in detail above, it is unquestionable that Mr. Capers clearly accepts responsibility for his actions, and he respectfully requests that the Court consider his desire to make better decisions in the future.

**2. The Need for the Sentence Imposed to Promote Certain Statutory Objectives**

 (a) <u>To reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense</u>;

Imposing a reduced sentence that departs from the statutory minimum will provide just punishment for his actions, as well as impress a sense of seriousness upon him. Clearly, he understands the seriousness of the offense and severity of the situation, as evidenced by his acceptance of responsibility.

 (b) <u>to afford adequate deterrence to criminal conduct</u>;

Mr. Capers is thirty-three (33) years of age and has many years to live a quality and productive life, to include raising a successful family and giving back to the community, and sincerely believes this will be his last interaction with the criminal justice system. He understands that he cannot afford to continue making poor decisions that will risk the well-being of his family. Knowing how his actions have harmed his family, it is the thought of his children growing up without his presence that pushes him to pay his debt to society and to instill permanent change in his life; to continue being a father as best as he can regardless of the circumstances; and to live his life as a productive member of the community. He welcomes an opportunity to address his rehabilitative needs and to re-establish himself as a member of his household and as a law-abiding citizen.

 (c) <u>to protect the public from further crimes of the defendant</u>;

As stated above, Mr. Capers admits that he has made poor choices in his past and intends to use his time in prison to equip himself with the tools necessary to remain a very low risk of

being a recidivist and ensure his behavior remains within the law. Mr. Capers understands how his criminal activity has impacted his family and community. In part, it was this understanding that motivated him to accept responsibility for his actions and put this unfortunate event behind him. He is committed to his rehabilitation so he might be a more productive member of his community and avoid relapse.

> (d) <u>to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;</u>

As stated above, Mr. Capers possesses a high-school diploma, but needs additional schooling and/or training in order to support his family. He welcomes an opportunity to expand his knowledge base through education and vocational opportunities, which will allow him to re-establish himself as a hard-working individual. Further, he respectfully requests that this Court authorize him to participate in the Bureau of Prisons' 500-hour Comprehensive Residential Drug Abuse Program (RDAP), pursuant to the BOP Program Statement 5330.10. This residential drug treatment program is a nine-month intensive rehabilitation program for inmates with substance abuse problems, such as Mr. Capers. Upon successful completion, the program provides for up to a one-year reduction in his sentence at the BOP's discretion.

Mr. Capers recognizes that he will be incarcerated for a lengthy period and would like to take this opportunity to address his substance abuse problem. He values his future, and by seeking rehabilitation, he will have to tools necessary to refrain from illegal conduct and the use of illegal drugs.

**3. The Sentencing Range Established by the Sentencing Commission**

While Mr. Capers believes a sentence within the guideline range of 37 to 46 months on Count One to be accurate, he requests a downward departure from same. Most importantly, he believes a sentence of 37 to 46 months on Count One, followed by a consecutive sentence of five (5) years on Count Two to be excessive, and unnecessary to achieve the statutory goals of

sentencing outlined in 18 U.S.C. § 3553. Mr. Capers respectfully requests the Court to exercise its discretion and vary downward when imposing a sentence upon him.

Doing so will still protect the community and allow Mr. Capers to benefit from his rehabilitative efforts, while also providing adequate punishment for his actions. Of equal importance to him, it will allow him the opportunity to provide the necessary care and protection for his children as soon as possible.

**4. The Rule of Lenity Mandates That Application of 18 U.S.C. §3553 Trumps Application of the Statutory and Guideline Recommended Sentences**.

While Defendant is aware of the statutory minimum sentences, they should not bar the application of 18 U.S.C. §3553, should such require a sentence below the sentence mandated by the statutes of conviction. Where the literal meaning of a statute yields an illogical result or one manifestly not intended by the legislature, departure from strict adherence to statutory text may be warranted, but not to the detriment of a criminal defendant. Lamie v. United States Trustee, 540 U.S. 526, 534, 124 S. Ct. 1023, 157 L. Ed. 2d 1024 (2004); see also, Scheidler v. Nat'l Org. for Women, Inc., 537 U.S. 393, 409 (2003)("When there are two rational readings of a criminal statute, one harsher than the other," the rule of lenity tells us that "we are to choose the harsher only when Congress has spoken in clear and definite language."); United States v. Rolande-Gabriel, 938 F.2d 1231, 1237 (11th Cir. 1991) ("the rule of lenity" should be applied to "prevent an absurd and glaringly unjust result"); United States v. Hayes, 482 F.3d 749, 759 (4th Cir. 2007)(citing Babbitt v. Sweet Home Chapter of Cmtys. for a Great Or., 515 U.S. 687, 704 n.18, 115 S. Ct. 2407, 132 L. Ed. 2d 597 (1995))("The rule of lenity is premised on two ideas: First, a fair warning should be given to the world in language that the common world will understand, of what the law intends to do if a certain line is passed; second, legislatures and not courts should define criminal activity."); see also 73 Am. Jur. 2d Statutes §197 ("[The rule of lenity] protects

the individual against arbitrary discretion by officials and judges, and guards against judicial usurpation of the legislative function which would result from enforcement of penalties when the legislative branch did not clearly prescribe them.").

As stated by the Supreme Court, "Congress has shown that it knows how to direct sentencing practices in express terms." Kimbrough v. United States, 128 S. Ct. 558, 571, 169 L. Ed. 2d 481 (2007). The express terms of 18 U.S.C. §3553 make it clear that a sentence cannot be greater than necessary to achieve the goals of sentencing, even to the detriment of the utilization of any specific statute of conviction.

In further support of the same, Defendant craves reference to the recent sentences of those similarly situated to him, as reflected in Part G of his PSR. More specifically, pursuant to the JSIN database, five (5) defendants were sentenced in 2018 – 2022, all of whom had a higher offense level and equal or higher criminal history category than Mr. Capers. After pleading guilty to the exact same charges as Mr. Capers, and despite the equal or higher offense level and history category of each defendant, the average sentence imposed was 107 months.

## **Conclusion**

For the foregoing reasons, Darrell Capers, Jr. respectfully submits that a sentence that varies downward from the statutory minimum and guideline range is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553 (a). Furthermore, Mr. Capers and his undersigned counsel look forward to providing further information and argument before this Court prior to imposition of sentence.

Respectfully submitted,

March 15, 2024.                                            *s/ Mark A. Peper*
                                                                                     Mark A. Peper, Esq.
                                                                                      Attorney for Defendant
                                                                                      548 Savannah Highway

Charleston, SC 29407
843-225-2520 (O)
843-225-2554 (F)
mark@peperlawfirm.com